UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| K.C., § § § *Plaintiff,* § § v. § § Frank Bisignano, Commissioner of § the Social Security Administration,[1] § § *Defendant.* § § § | Civil Action No. 4:25-cv-02958 |

# MEMORANDUM AND RECOMMENDATION

Defendant Frank Bisignano, Commissioner of the Social Security Administration, filed a motion to dismiss this challenge to the denial of Plaintiff K.C.'s application for supplemental security income under Title XVI of the Social Security Act. Dkt. 14. The Commissioner contends, and Plaintiff's submissions confirm, that Plaintiff has not received a final decision from the Social Security Administration ("SSA"). *See* Dkt. 3 at 6 (Plaintiff's contention that he has a "right to appeal to federal court before exhausting administrative remedies"); Dkt. 16 at 2 (citing SSA Appeals Council's notice "that my case is being processed"); *see also* Dkt. 17 (duplicate of Dkt. 16). It is therefore

---

[1] The Court grants Defendant's request to substitute Frank Bisignano as the named defendant in this case.

recommended that the Commissioner's motion be granted, and that this case be dismissed.

## Background

Plaintiff has appealed a decision by an Administrative Law Judge ("ALJ") to deny his claims for benefits in 2007 and 2023. *See* Dkt. 1 at 2. The contents of his initial submission are meandering and difficult to discern. As best as can be determined, Plaintiff complains that he did not receive proper notice of the ALJ hearing, that the ALJ did not fully develop the record, and that Plaintiff lacked legal representation through the process. *See generally id.* at 4-6. Plaintiff also attacks the substance of the ALJ's findings and conclusions. *See* Dkt. 3; Dkt. 11. Other filings recite language from various court decisions, Dkt. 4; Dkt. 7; Dkt. 12, and describe his mental health issues, Dkt. 6; Dkt. 10; Dkt. 13.

The Commissioner has, however, provided the key items from the administrative record. *See* Dkt. 14. That record reflects that Plaintiff's claims for Title XVI benefits were denied initially and again on reconsideration on September 30 and October 3, 2023. *Id.* at 2. Plaintiff sought a hearing before an ALJ, which was held by phone due to Plaintiff's incarceration. Dkt. 14-1 at 24. In February 2025, ALJ issued an opinion concluding that Plaintiff did not qualify as disabled. *See* Dkt. 14-1 at 36.

After receiving the ALJ's decision, Plaintiff filed a request for review from the Appeals Council. Dkt. 14-1 at 47 (Plaintiff's March 28, 2025 letter to the SSA stating "I definitely want an appeal"); *see also* Dkt. 14-1 at 51 (April 28, 2025 letter explaining Plaintiff's mental health condition); Dkt. 14-1 at 54 (Plaintiff's June 3, 2025 further "statement of facts and laws"). That appeal is still pending. *See* Dkt. 14-1 at 3 (September 26, 2025 Declaration of Lesha Cowell of the SSA). Before receiving a final decision, Plaintiff filed this federal action to challenge the ALJ's ruling. *Id.*; *see also* Dkt. 1 (filed June 24, 2025).

## **Legal standard**

The Commissioner has submitted documents extrinsic to Plaintiff's complaint, including a declaration from an SSA representative, that are material to resolving the motion. Moreover, contrary to the Commissioner's contention, settled law holds that whether a claimant properly exhausted administrative remedies is not a jurisdictional issue. *See Smith v. Berryhill*, 587 U.S. 471, 478 (2019). The Court therefore applies the summary judgment standard under Fed. R. Civ. P. 56, and considers both the Commissioner's and Plaintiff's extrinsic items, to the extent any of them are relevant. *See* Fed. R. Civ. P. 12(d) (motion to dismiss that attaches and relies on evidence outside the pleading "must be treated as one for summary judgment under Rule 56").

Summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law." Fed. R. Civ. P. 56(a). When resolving a motion for summary judgment, courts must view the facts and any reasonable inferences "in the light most favorable to the nonmoving party." *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010) (internal quotation marks omitted). "[T]he court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party ...." *Union Pac. Res. Grp., Inc. v. Rhone-Poulenc, Inc.*, 247 F.3d 574, 584 (5th Cir. 2001).

## Analysis

The Commissioner contends that Plaintiff has not exhausted his administrative remedies. Plaintiff offers no authority holding otherwise. Indeed, settled law confirms that there is no final decision for this Court to review. This case should be dismissed.

### A. Administrative review of disability determinations

The administrative review process has four steps: (1) an initial determination; (2) reconsideration; (3) a hearing before an ALJ; and (4) review by the Appeals Council. *See* 20 C.F.R. § 404.900(a). A claimant must challenge an adverse determination at each step by pursuing the next step within a specified time period. *See id.* § 404.900(b). Only after pursuing and exhausting all four steps can a claimant seek judicial review in a federal district court. *See id.* § 404.900(a)(5); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987) ("Once the

claimant has exhausted these administrative remedies, [s]he may seek review in federal district court."). A claimant's failure to comply with those procedures leaves this Court with no final decision to review under 42 U.S.C. § 405(g). *See Sims v. Apfel*, 530 U.S. 103, 107 (2000) (failure to request review from Appeals Council precludes judicial review); *Sefiane v. Comm'r of Soc. Sec. Admin.*, 2021 WL 5989758, at *2 (S.D. Tex. Nov. 2, 2021) (failure to seek review at steps two through four warranted dismissal of appeal), *adopted by* 2021 WL 5987187 (S.D. Tex. Dec. 17, 2021).

### B. Plaintiff has not exhausted his administrative remedies, which bars this Court's review.

Uncontroverted evidence confirms that Plaintiff has not completed the last step of administrative review. Plaintiff received an initial determination, sought a hearing before the ALJ, obtained the ALJ's ruling, and sought review from the Appeals Council. Dkt. 14-1 at 4-47. But the Appeals Council has not resolved Plaintiff's request for review. That last step is necessary to render the SSA's decision final. *See Smith*, 587 U.S. at 476. Plaintiff must await that decision before seeking relief in this Court. Because Plaintiff has not exhausted his administrative remedies, summary judgment is warranted.

### Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Defendant Frank Bisignano, Commissioner of the Social Security Administration's

Motion to Dismiss (Dkt. 14), which is more properly construed as a motion for summary judgment, be **GRANTED**, and that this action be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.[2]

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on November 7, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

---

[2] Dismissal for failure to exhaust administrative remedies "is without prejudice to the claimant's right to return to court" after her administrative remedies have been exhausted. *See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004) (addressing dismissal under Rule 12(b)(6)); *see also, e.g.*, *Mitchell v. Cont'l Airlines, Inc.*, 481 F.3d 225, 227, 232 (5th Cir. 2007) (affirming dismissal without prejudice on summary judgment for failure to exhaust remedies).